**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerry Dale NELSON, also known as Jerald Nelson, Defendant–Appellant.**

**No. 06–50349**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 13, 2007.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Wayne Frost, State of Texas, District Attorney's Office, Midland County, Midland, TX, for Defendant–Appellant.

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jerry Dale Nelson appeals his guilty-plea conviction and sentence for aiding and abetting the attempt to manufacture methamphetamine and possession of a firearm in furtherance of a drug-trafficking crime. Nelson argues that the district court erred by denying him a downward departure under U.S.S.G. § 5K2.13 based on diminished mental capacity. He also contends that he may have received ineffective assistance of counsel.

Although the Government seeks to enforce the waiver-of-appeal provision in Nelson's plea agreement, given the inadequacies in the transcription of portions of the rearraignment hearing, we do not enforce the waiver. Because the district court did not misapprehend its authority to depart from the Guidelines under § 5K2.13, we lack jurisdiction to review the court's denial of a downward departure. *See United States v. Sam*, 467 F.3d 857, 861 (5th Cir.2006).

To the extent that Nelson raises the issue of ineffective assistance of counsel, the record has not been adequately developed to address this issue on direct appeal. *See United States v. Sanchez–Pena*, 336 F.3d 431, 445–46 (5th Cir.2003).

AFFIRMED IN PART; DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.